IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADRIAN NICHOLSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:19CV490 |
| | ) | |
| TITLEMAX OF VIRGINIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is a Motion for Confirmation of Arbitration Award by Defendant TitleMax of Virginia. ("TitleMax"). (ECF No. 128.) The motion requests that the Court confirm the Corrected Final Award issued by JAMS ("Final Award") pursuant to 9 U.S.C. § 9 and enter judgment on behalf of TitleMax against Plaintiff Sharon Hendricks consistent with the Final Award. (*Id.*) Plaintiff does not contest the arbitration award and does not oppose the motion. (ECF No. 133 at 1.) Plaintiff does however request that the Court include in its judgment that all counterclaims pending against Plaintiff are also dismissed because TitleMax did not pursue them in the arbitration, (*id.*), and TitleMax does not object to this, (ECF No. 134 at 1).

Courts are divided on whether a federal court may confirm an arbitration award where there is no "live controversy between the parties regarding the award necessitating judicial

enforcement," and the Fourth Circuit has not resolved the issue in this circuit. *See Brown & Pipkins, LLC v. SEIU*, 846 F.3d 716, 729 n.2 (4th Cir. 2017). However, the Fourth Circuit has recognized that "[a] confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). Plaintiff has not asserted such claim concerning the arbitration award at issue here. Therefore, the Court will grant TitleMax's unopposed motion.

The Court notes that it has previously advised the parties that to further judicial economy, "[t]he most efficient course for the parties would be, in cases where no monetary award has been made and the arbitration award is uncontested, to merely notify the Court of the outcome of the arbitration without filing for confirmation of the award." *See Goins v. TitleMax of Virginia, Inc.*, No. 1:19CV489, 2021 WL 3856150, at *1–2 (M.D.N.C. Aug. 27, 2021). It is disappointing that TitleMax has not heeded this advice.

## ORDER

**IT IS THEREFORE ORDERED** that the Motion for Confirmation of Arbitration Award, (ECF No. 128), is **GRANTED**.

**IT IS FURTHER ORDERED** that all counterclaims by Defendant TitleMax of Virginia, Inc., against Plaintiff Sharon Hendricks are **DISMISSED**.

Judgment will be entered simultaneously.

This, the 9th day of May 2023.

/s/Loretta C. Biggs
United States District Judge